IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Frazier T. Williams, #227393, )    C. A. No. 2:04-21930-GRA-RSC
                               )
            Petitioner,        )
                               )
        -versus-              )    **REPORT AND RECOMMENDATION**
                               )
Richard Bazzle, Warden, Perry )
Correctional Institution; and )
Henry McMaster, Attorney       )
General for South Carolina,    )
                               )
            Respondents.       )


This habeas corpus petition under 28 U.S.C. § 2254 filed by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on January 27, 2005. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Frazier T. Williams, is presently confined in the South Carolina Department of Corrections at the Perry Correctional Institution pursuant to orders of commitment from the Clerk of Court for Cherokee County. The petitioner was indicted at the April 1995 term of the Cherokee County Grand Jury for burglary (95-GS-11-475); armed robbery (95-GS-11-476); and murder (95-GS-11-477). He was represented by Donald Letteer, Esquire, of the Spartanburg County Bar. From October 30, 1995, through November 3, 1995, the petitioner proceeded to trial and

1

was convicted as charged.  He was sentenced by the Honorable J. Derham Cole to confinement for life.

Petitioner timely filed notice of intent to appeal.  On appeal, the Petitioner was represented by Lisa T. Gregory of the South Carolina Office of Appellate Defense.  Counsel Gregory filed a Final Anders Brief of Appellant and Petition to be Relieved as Counsel on December 18, 1996, raising as the sole arguable ground in the appeal: "The lower court erred in denying the appellant a directed verdict where the state failed to produce sufficient evidence upon which the jury could return guilty verdicts."  Williams filed a pro se brief on January 29, 1997, raising the following question: "Did the lower court erred in denying appellant a new trial, where the state's key witness Jackson Williams, was in fact, incompetent, and should not have been allowed to testify in the trial of the appellant."  The South Carolina Supreme Court dismissed Applicant's appeal. State v. Williams, 97-MO-l0l (S.C. Sup. Ct. filed October 29, 1997). On November 19, 1997, the remittitur was issued to the lower court.  The Petitioner did not seek certiorari to the United States Supreme Court.

The Petitioner, represented by William Winter, Esquire, filed an application for post-conviction relief on November 4, 1998, dated October 19, 1998. Williams v. State, 98-CP-11-510; App. 1147-1219.  An amendment, pro se, was made on subsequently.

2

App. 1220-1246.  On July 9, 1999, a Return was made and on August 13, 2002, an evidentiary hearing was convened before the Honorable Gary E. Clary, presiding judge.  App. 1253.  The Petitioner was present and Sarah K. Williams, Sarah Leazer, Frazier Williams, Thomas Shealy, and Trent Pruett testified. App. 1256-1355.  At the hearing, the petitioner asserted the following grounds for relief:

A. Ineffective Assistance of counsel:

1.   Failure to recall Dr. Pate to testify before the jury about Sarah Williams' incompetency;

2.   Failure to investigate additional witnesses;

3.   Failure to adequately cross examine State witnesses;

4.   Asking prejudicial questions and making comments during witness examinations that had a negative effect on his case;

5.   Failure to object to the Court's handling of juror who needed air during the trial;

6.   Failure to object to alleged hearsay;

7.   Failure to move to sever the co-defendant's case;

8.   Failure to object to comments about the Applicant "doing time" for other crimes;

9.   Failure to call alibi witnesses;

10.  Pursuing a frivolous third party guilt defense;

11.  Failure to object to the alleged signals given by Sarah Williams' attorney during her

3

testimony;

12. Failure to request sequestration of jurors;

13. Failure to object to solicitor's opening;

14. Failure to properly investigate;

15. Failure to object to alleged prejudicial evidence;

16. Failure to make factual arguments concerning the identification of the victim's car;

17. Failure to investigate and pursue Sarah Leazer as a defense witness;

18. Failure to object to alleged hearsay testimony about the burning of the Applicant's shoes;

19. Failure to argue the lack of footprints at the scene of the crime;

B. Newly Discovered Evidence - The recantation of Sarah Williams.

On October 1, 2002, Judge Clary entered his written order denying the application in its entirety. App. 1357-1368.

The Petitioner made an appeal to the South Carolina Supreme Court during which he was represented by Wanda H. Haile of the S.C. Office of Appellate Defense. On February 7, 2003, Haile made a <u>Johnson</u> Petition for Writ of Certiorari and Petition to Be Relieved as Counsel asserting as the sole ground for relief: "The PCR judge erred in denying relief to the petitioner despite the existence of newly discovered evidence in the case." On August 20, 2003, the South Carolina Supreme Court entered a letter order

4

that the petition for writ of certiorari was denied.  On September 5, 2003, the remittitur was entered.  No petition for writ of certiorari was made to the United States Supreme Court.

The following materials have been made part of the record here:

> A.   DIRECT APPEAL
>
>      1.   Final Anders Brief of Appellant and Petition to be relied as Counsel.
>
>      2.   <u>Pro Se</u> Brief of Appellant.
>
>      3.   <u>State v. Williams</u>, 97-MO-l0l (S.C. Sup. Ct. filed October 29, 1997).
>
>      4.   November 19, 1997 Remittitur Letter.
>
> B.   STATE PCR PROCEEDING
>
>      5.   Johnson Petition for Writ of Certiorari.
>
>      6.   Appendix - three (3) volumes - 1409 pages.
>
>      7.   Letter Order from S.C. Supreme Court dated August 20, 2003.
>
>      8.   Remittitur letter dated September 5, 2003.

In his petition for a writ of certiorari under 28 U.S.C. §2254, Williams presented the following grounds for relief:

> "I.  The PCR judge erred in denying relief to Petitioner despite the assistance of after-discovered evidence in the case.
>
>      a.   In his "affidavit", Williams asserts that his wife, Sarah Williams, testified at his trial that Williams, Clarence Gregory, and herself went to the victim, Bobby Donohue's residence where she saw Gregory strike the victim with a

5

wrench and then moved the victim inside the house
where he died.  She testified they left and went
to Shelly, N.C.

     b.   The petitioner contends that Sarah
Williams recanted her trial testimony in its
entirety, at the state PCR proceeding when she
asserted that Williams did not commit murder and
she lied at trial, claiming she was not present at
the crime scene.

     c.   He claims this satisfies the requirement
for a new trial based upon after-discovered
evidence as a matter of state law under Clark v.
State, 321 S.C. 377, 434 S.E.2d 266 (1993) and the
state PCR court erred in rejecting it.

II.  The PCR judge erred in denying relief to the
Petitioner despite sufficient proof of trial
counsel's ineffective assistance of counsel.

     a.   Trial counsel's failure to object to
seven (7) major issues presented by the
prosecution.

       1.   failed to object to court's
handling of juror who needed air during trial
after viewing photos and hearing doctor's
testimony;

       2.   counsel failed to object to display
of photos due to explicit and graphic nature;

       3.   counsel failed to object to alleged
hearsay concerning statement made by the SLED
agent concerning shoes being burnt;

       4.   counsel failed to object to
testimony of a state witness which implicated that
he had done time in the past;

       5.   counsel failed to object to
solicitor's closing argument;

       6.   counsel failed to object to alleged
prejudicial evidence;

       7.   counsel failed to object to alleged

hand signals given by Sarah Williams and her
attorney during her testimony.

    b.   Counsel was ineffective for his lack of
investigation prior to trial.

    c.   Counsel failed to call or investigate
alibi witnesses.

        1.   Counsel called ten (10) witnesses,
but Williams has no idea where witnesses came
from;

        2.   Counsel never contacted Mr.
Borders, an alleged alibi witness, nor obtain a
written statement from him;

        3.   At the PCR hearing, a potential
witness, Audrey Broom (864-839-5109) was located
by PCR counsel and an investigator, but sent away
when PCR counsel contended that he did not need
her.

    d.   Counsel failed to make arguments
concerning the identification of the victim's car.

    e.   Counsel failed to argue that state
witness Duncan who testified he saw two cars and
two black people in parking lot could not have
seen it because it was dark and foggy and he was
traveling at 50 to 60 m.p.h.

    f.   Counsel should have requested a jury
view of the scene.

    g.   Counsel should have severed his case
from codefendant Clarence Gregory which prejudice
him due to Gregory's reputation and the amount of
evidence against him.

    h.   Trial counsel was ineffective due to
inappropriate statements and questions which
emphasized negatives in case.

        1.   reference to victim lying in pain
and horrible crime;

        2.   calling probate judge to testify.

7

I.    Counsel failed to raise question about
sequestering jury since the Applicant informed
counsel he knew a lot of people on the jury.

III. PCR judge erred by not granting PCR relief
despite proof of counsel's ineffectiveness based
upon his failure to insist that Dr. Eula Pate who
testified in camera concerning Sarah Williams
competency, appear before the jury and be
subjected to cross-examination.

    a.    Failed to follow-through that Sarah's
psychotic state at a hospitalization was the
result of alcohol abuse where she admitted, at
trial, to drinking a pint and one-half of liquor
the day she gave the statement to police.

    b.    Counsel should have asserted she was in
a psychotic state the day she gave the statement.

IV.    PCR judge erred in denying relief despite the
failure of trial counsel to adequately attempt to
discredit the statement of Sarah Williams based
upon her incompetency at that time.

    a.    She admitted she drank alcohol the day
she gave the statement;

    b.    Her earlier psychotic episodes were the
result of alcohol abuse which he claims triggers
paranoid delusions, similar to paranoid
schizophrenia which possible existed when she gave
the statement on March 30, 1995;

    c.    Williams was taking an anti-psychotic
medication, Stelazine, while she was testifying;

    d.    Counsel erred by failing to adequately
research and question Dr. Pate to show the jury
and the court that Sarah J. Williams lacked
sufficient mental capacity necessary to make a
truthful statement."

The respondents filed a summary judgment motion based on the

statute of limitations on January 27, 2005.  On February 3, 2005,

the petitioner was provided a copy of the respondents' summary

8

judgment motion along with an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 11, 2005, the petitioner filed his response to the summary judgment motion. Hence, it appears consideration of the motions is appropriate.

## DISCUSSION

It appears that the instant petition was not timely filed and must be summarily dismissed on that basis. The record shows that the petitioner is two hundred fifty four (254) days late in filing his petition.

The instant habeas corpus petition has a delivery date of August 16, 2004. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved in unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). State court factual findings are presumed to be correct and the

Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

However, the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2). Here, the petition comes too late.

Petitioner's conviction was finalized by the conclusion of direct review on January 27, 1998, ninety (90) days after October 29, 1997, the date on which the South Carolina Supreme Court issued its opinion affirming Petitioner's convictions and sentences. See, Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Thereafter, the petitioner had one year to file his federal habeas corpus action unless the period was at any time tolled. See, e.g. Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, supra; Brown v. Angelone, 150 F.3d

10

370 (4th Cir. 1998).

Petitioner did not file his APCR until November 4, 1998, so two hundred and seventy four (274) days of non-tolled time ran after the period of limitations began.  The period of limitations was tolled during the pendency of the APCR until no later than September 5, 2003, when the South Carolina Supreme Court issued the remittitur following the denial of certiorari review on the APCR Order of Dismissal. See, e.g. Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of a collateral action); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

The delivery date for the present habeas petition is August 16, 2004, so yet another three hundred and forty five (345) days of non-tolled time accrued after the disposition of his APCR. When the time before and the time after the PCR time periods are added, there were six hundred nineteen (619) days of non-tolled time since Petitioner's period of limitations began to run on January 28, 1998.  This petition comes two hundred fifty four (254) days past the running of the one year AEDPA statute of limitations and must be dismissed on that basis.

11

## **CONCLUSION**

Accordingly for the aforementioned reasons, it is recommended that the petition herein be dismissed in its entirety as untimely and this matter ended.

                              Respectfully Submitted,


                              S/Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

March 30, 2005

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**